# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Martin v. Office of the State's Attorney*, 2011 IL App (1st) 102718

| | |
|---|---|
| Appellate Court Caption | MICHAEL B. MARTIN, Plaintiff-Appellant, v. OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, ILLINOIS, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2718 |
| Filed | October 25, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A convicted felon's application for a Firearm Owner's Identification Card was properly denied even though 20 years had passed since his convictions, since 20 years had not passed since he was released from prison on those convictions. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-10674; the Hon. James R. Epstein, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael Martin, of Chicago, appellant *pro se*.

Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Donna M. Lach, and Allison C. Marshall, Assistant State's Attorneys, of counsel), for appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Justices Connors and Harris concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff Michael Martin appeals from an order of the circuit court of Cook County, affirming the decision of the Department of State Police (the Department) that he was ineligible for a firearm owner's identification card (identification card) pursuant to the Firearm Owners Identification Card Act (Act) (430 ILCS 65/0.01 *et seq.* (West 2008)). Plaintiff contends on appeal that the circuit court erred in denying him relief from the Department's decision where, as provided in the Act (430 ILCS 65/10(c)(1) (West 2008)), 20 years had passed since his last conviction for a forcible felony. The State's Attorney of Cook County responds that relief is available under the Act only when both 20 years have passed since the conviction and 20 years have passed since completion of the prison sentence for that conviction. For the reasons stated below, we affirm the judgment of the circuit court of Cook County.

¶ 2        Following a 1987 jury trial, plaintiff was convicted by the State of Florida of sexual battery, kidnaping, and burglary. On January 19, 1988, he was sentenced to 27 years of imprisonment, which was later reduced to 25 years. In November 1996, plaintiff completed his prison sentence. In January 2010, he submitted an application for an identification card to the Department, which stated that he had been convicted of a felony. The Department denied his application based on his 1988 felony convictions in Florida.

¶ 3        Plaintiff timely petitioned the circuit court for relief from the Department's decision, pursuant to the provision of the Act allowing the court to overrule the Department when, in part, the applicant "has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years" of the application. 430 ILCS 65/10(c)(1) (West 2008). Over 20 years had passed between his 1988 conviction and his 2010 application for an identification card.

¶ 4        The State's Attorney objected to the petition, noting that the relevant provision of the Act continues, "or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction." 430 ILCS 65/10(c)(1) (West 2008). The State's Attorney argued that the provision applies only when both 20-year periods, from the time of

conviction *and* the completion of imprisonment, have occurred. The State's Attorney noted that 20 years had not passed since plaintiff's 1996 release from prison.

¶ 5 Plaintiff replied in support of his petition, arguing that the relevant provision in the Act should be read disjunctively; that is, that 20 years must pass from either the date of conviction or the completion of imprisonment. Plaintiff noted the "or" between the two statutory clauses in question, and cited two appellate cases disposing of petitions based on whether the application to the Department was made within 20 years of the barring conviction.

¶ 6 On August 23, 2010, the circuit court denied plaintiff's petition and affirmed the Department's decision, finding that the Act requires that 20 years must pass from an applicant's release from prison on his last forcible felony conviction before he is eligible for an identification card. This appeal timely followed.

¶ 7 On appeal, plaintiff contends that the circuit court erred in denying him relief from the Department's decision where, as provided in section 10(c)(1) of the Act, 20 years had passed since his last conviction for a forcible felony. The State's Attorney responds that relief is available under the Act only when both 20 years have passed since the conviction and 20 years have passed since completion of the prison sentence for that conviction.

¶ 8 The Act provides that, with certain enumerated exceptions, "[n]o person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act." 430 ILCS 65/2(a), (b) (West 2008). The Department "has authority to deny an application for or to revoke and seize a Firearm Owner's Identification Card previously issued under this Act only if the Department finds that the applicant or the person to whom such card was issued is or was at the time of issuance *** [a] person convicted of a felony under the laws of this or any other jurisdiction." 430 ILCS 65/8(c) (West 2008).

¶ 9 An applicant for an identification card may appeal the denial, revocation or seizure of an identification card by petition to the circuit court if "the denial, revocation, or seizure was based upon a forcible felony." 430 ILCS 65/10(a) (West 2008). A person prohibited from acquiring an identification card under section 8 of the Act may petition the circuit court

"requesting relief from such prohibition and the *** court may grant such relief if it is established by the applicant to the court's *** satisfaction that:

(0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be

-3-

likely to act in a manner dangerous to public safety; and

(3) granting relief would not be contrary to the public interest." 430 ILCS 65/10(c) (West 2008).

¶ 10 Our primary goal when interpreting the language of a statute is to ascertain and give effect to the intent of the legislature, which is best indicated by the plain language of the statute itself. *People v. Marshall*, 242 Ill. 2d 285, 292 (2011). Where the statutory language is clear and unambiguous, we enforce it as written without reading into it exceptions, conditions, or limitations not expressed by the legislature. *Marshall*, 242 Ill. 2d at 292. We construe a statute to avoid rendering any part of it meaningless or superfluous, and we presume that the legislature did not intend absurd, inconvenient, or unjust consequences. *Marshall*, 242 Ill. 2d at 292-93. Where a statute is capable of more than one reasonable interpretation, the statute is ambiguous and we may consider extrinsic aids to construction–such as legislative history. *Marshall*, 242 Ill. 2d at 292. Statutory interpretation is a question of law reviewed *de novo*. *Marshall*, 242 Ill. 2d at 292.

¶ 11 While use of the word "and" between two statutory elements generally indicates that both elements must be satisfied–that the statute must be read conjunctively–our supreme court has recognized that "and" is often used interchangeably with the generally disjunctive "or," with the meaning being determined by context. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 606 (2008). Thus, if reading "and" in a statute literally would create an inconsistency in the statute or render the sense of the statute dubious, then the term "and" will be read as "or." *County of Du Page*, 231 Ill. 2d at 606.

¶ 12 We consider the key factor in interpreting section 10(c)(1) of the Act to be that a person will *ipso facto* be convicted of a felony, rendering him ineligible for an identification card, before he completes his prison sentence for that felony. Thus, if this provision was to be read disjunctively, so that the court could overrule the denial of an identification card when either 20 years had passed from the applicant's last forcible felony conviction or 20 years had passed from the applicant's release from prison on that conviction, the latter clause would be rendered utterly superfluous. The 20-year period from the date of conviction will *always* expire before the 20-year period from prison release.

¶ 13 Conversely, reading the two clauses conjunctively gives force to the entire provision and does not render either clause superfluous. When an applicant is convicted of a forcible felony and sentenced to imprisonment, he becomes eligible to apply for an identification card 20 years after completing his imprisonment, as both conditions for eligibility will have been met. When an applicant is convicted of a forcible felony but is not sentenced to imprisonment, as when he receives probation or its equivalent, the prison-release clause is inapplicable and he becomes eligible to apply for an identification card 20 years after the date of conviction. Thus, despite the "or" between the clauses in section 10(c)(1) of the Act, we conclude that the plain language of the provision must be read conjunctively.

¶ 14 The cases cited by plaintiff do not support his contention that section 10(c)(1) must be read disjunctively. In *Hanson v. De Kalb County State's Attorney's Office*, 391 Ill. App. 3d 902, 911 (2009), this court found an applicant ineligible for relief under section 10(c) because he was convicted of forcible felony within the past 20 years. As conviction must

-4-

precede the completion of sentence, 20 years had also not passed since the *Hanson* applicant completed his sentence, so neither condition was fulfilled. In *Hiland v. Trent*, 373 Ill. App. 3d 582, 583 (2007), provisions of the Act other than section 10(c)(1) governed our decision because, while the applicant had been convicted of a felony in the preceding 20 years (with a 2002 application on a 1988 conviction), it was not a forcible felony. Thus, in neither *Hanson* nor *Hiland* was this court faced with an applicant, as we are faced with here in the instant case, who had met one condition but not the other so that we would have to determine whether the Act requires either or both conditions for relief.

¶ 15 Here, when plaintiff applied to the Department for an identification card in January 2010, 20 years had passed since his 1988 forcible felony convictions, but 20 years had not passed since he was released from prison on those convictions in 1996. Thus, he was ineligible for relief from the circuit court under section 10(c)(1) of the Act, and the court did not err in denying his petition.

¶ 16 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 17 Affirmed.