# Illinois Official Reports

## Appellate Court

---

**Platform I Shore, LLC v. Village of Lincolnwood**, 2014 IL App (1st) 133923

---

| | |
|---|---|
| Appellate Court Caption | PLATFORM I SHORE, LLC, and 3318 W. DEVON, LLC, Plaintiffs-Appellants, v. THE VILLAGE OF LINCOLNWOOD, THE VILLAGE OF LINCOLNWOOD ZONING BOARD OF APPEALS, SHERWIN J. MALKIN, Chairman of the Village of Lincolnwood Zoning Board of Appeals, and AARON COOK, Zoning Officer for the Village of Lincolnwood, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-13-3923 |
| Filed | August 18, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant village's denial of plaintiffs' zoning application for the development and operation of a firearms shooting range on their property was reversed, since a shooting range was a permitted use under the plain and unambiguous language of the zoning ordinance in existence at the time of plaintiffs' application. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-6635; the Hon. Mary Mikva, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Stewart T. Kusper and Paul C. Mallon, Jr., both of Kusper Law Group, Ltd., of Chicago, for appellants.

Steven M. Elrod, Peter M. Friedman, and Hart M. Passman, all of Holland & Knight, LLP, of Chicago, for appellees.

Panel

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Connors and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiffs, Platform I Shore, LLC, and 3318 W. Devon, LLC, appeal from the circuit court judgment which affirmed the decision of the defendants, the Village of Lincolnwood (Village), the Village of Lincolnwood Zoning Board of Appeals, Sherwin J. Malkin,[1] chairman of the Village of Lincolnwood Zoning Board of Appeals (collectively referred hereinafter as the Board), and Aaron Cook, zoning officer for the Village of Lincolnwood, denying their zoning application for the development and operation of a firearms shooting range on their existing property. For the reasons that follow, we reverse the judgment of the circuit court and remand the cause for further proceedings.

¶ 2    On March 8, 2013, the plaintiffs filed a complaint for administrative review of the Board's decision in the circuit court, alleging the following facts. Platform I Shore, LLC (Platform), leased the second floor of a Lincolnwood property owned by 3318 W. Devon, LLC, in order to operate a shooting range above the existing firearms dealership operated on the first floor of the property. The property is located in a "B-2 zone district" according to the Village's zoning district map. Pursuant to the "health club and private recreation" permitted-use provision for B-2 zoned properties, Platform submitted its application for a business license on October 1, 2012, and on October 2, 2012, 3318 W. Devon, LLC, filed an application to obtain a building permit for Platform's intended renovations and planned shooting range. The plaintiffs, through counsel, sent a letter on October 24, 2012, demanding a decision on their zoning application as promised by the Village's website, which provides that decisions shall be rendered within 11 days of submission. A second demand letter was sent on October 29, 2012.

¶ 3    On November 1, 2012, zoning officer Cook denied the plaintiffs' application, stating that a shooting range did not fall within the zoning ordinance's permitted-use provision for "health club or private recreation." In the letter, Cook referenced a prior decision made in

---

[1]After the plaintiffs filed their notice of appeal, Sherwin J. Malkin died, and Herbert Theisen was appointed as the new chairman of the Village of Lincolnwood Zoning Board of Appeals.

May 2012 in which the plaintiffs were allegedly told that a shooting range did not fall within the permitted uses for the property. The plaintiffs appealed from Cook's denial to the Board.

¶ 4 On December 19, 2012, the Board conducted a hearing on the plaintiffs' appeal at which the following evidence was adduced. The plaintiffs submitted evidence of the plain definitions of "recreation" and contended that Cook read into the ordinance a nonexistent exception. They also pointed to another shooting range located within the Village, namely, in an area designated as the more restrictive B-1 zone district. The plaintiffs further refuted that any decision on this issue had been rendered in May 2012, and the record is void of any documentation of an application or previous decision from that date. Scott Krone, an architect involved in the planning of the plaintiffs' proposed new firearms store, testified that the May 2012 decision concerned a different approval process for the construction of a different structure in a different zoning district. He denied that he was ever informed by the Village at that time that a shooting range was an impermissible use of a B-2 zoned property.

¶ 5 Village Trustee Thomas Heidtke testified for the Board that, when the zoning ordinance was rewritten in 2008, the Village did not intend to reverse its policy opposing firearms dealers and shooting ranges in the B-2 zone district. Further, on November 9, 2012, the Village adopted resolution No. R2012-1710, initiating amendments to the ordinance which would formally codify the Village's determination that the provision for "health club or private recreation" excluded shooting ranges. The Village also submitted evidence that the plaintiffs had applied for permits on three prior occasions. In 1989, the plaintiffs applied for a special use permit to operate a shooting range on the second floor of its current location, and that application was denied. In 1993, the plaintiffs applied for a special use permit, but they withdrew that application before a decision was rendered. In 1997, the plaintiffs sought to relocate their firearms store to a location at 3310 West Devon, but that application was denied.

¶ 6 On February 6, 2013, the Board affirmed Cook's denial of the plaintiffs' application, finding that a shooting range did not fall into the intended meaning of the ordinance's definition of "health club or private recreation." The Board, with one member dissenting, opined that the Village clearly showed its legislative intent to exclude shooting ranges within the definition of "private recreation" by virtue of its previous denials of the plaintiffs' applications for a shooting range and the testimony of Heidtke. The dissenting Board member stated that, under the plain language of the current ordinance, a shooting range fell within the definition of "private recreation" and was a permitted use. Acknowledging that the Board had denied the plaintiffs' application for a shooting range in the past under a different ordinance, the dissenting Board member noted that there was also no evidence refuting that another shooting range had been permitted in a more restrictive zoning area of the Village in the past.

¶ 7 The plaintiffs thereafter sought judicial review of the Board's decision in the circuit court. See 735 ILCS 5/3-101 *et seq.* (West 2012) (providing for judicial review of administrative agency decisions). On November 18, 2013, the circuit court affirmed the Board's decision, stating that it deferred to the Board's expertise in interpreting its own ordinances and agreed that the "health club or private recreation" provision did not include a shooting range within its meaning. The court specifically stated that it did not need to determine whether the zoning ordinance was ambiguous in making its ruling. The plaintiffs timely appealed.

¶ 8     At the outset, we note that this court reviews the decision of the administrative agency, not the decision of the trial court. *Lombard Public Facilities Corp. v. Department of Revenue*, 378 Ill. App. 3d 921, 927-28 (2008). When reviewing the administrative agency's decision, the applicable standard of review depends on whether the question presented on appeal is one of fact, of law, or of both. *Id.* Our review of an agency's factual findings is limited to determining whether such findings are against the manifest weight of the evidence, and our review of agency rulings on questions of law are reviewed *de novo. Id.* at 928. However, when the issue presented contains mixed questions of law and fact, the standard of review is whether the decision was clearly erroneous. *Id.* The clearly-erroneous standard applies to administrative cases involving mixed questions of law and fact, rather than a bifurcated standard, in part because of the deference given to the agency's experience and expertise in interpreting its statutes. *Id.* "A mixed question of law and fact is whether the facts satisfy a statutory standard or whether the rule of law, as applied to the established facts, is violated." *Id.* While the agency is awarded deference, a reviewing court will reverse the agency decision when there is evidence supporting reversal and the reviewing court is " ' left with the definite and firm conviction that a mistake has been committed.' " *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Here, the question of whether the proposed use of the plaintiffs' property as a shooting range comports with the language of the zoning ordinance is a mixed question of law and fact, triggering our application of the clearly-erroneous standard of review.

¶ 9     On appeal, the plaintiffs contend that the zoning ordinance in effect at the time of their application unambiguously provided that a shooting range was permissible under the "health club or private recreation" permitted-use provision and that their zoning application should not have been denied. We agree.

¶ 10    Municipal ordinances, such as the zoning ordinance at issue here, are interpreted under the general rules of statutory construction and interpretation. *LeCompte v. Zoning Board of Appeals*, 2011 IL App (1st) 100423, ¶ 22; *Puss N Boots, Inc. v. Mayor's License Comm'n*, 232 Ill. App. 3d 984, 986 (1992). The aim of statutory interpretation is to determine the legislative intent, which is best indicated by the statutory language, given its plain and ordinary meaning. *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11. Where the statutory language is clear and unambiguous, we enforce it as written without reading into it exceptions, conditions, or limitations not expressed by the legislature. *Martin v. Office of the State's Attorney*, 2011 IL App (1st) 102718, ¶ 10. "Where a statute is ambiguous, however, courts will give substantial weight and deference to an interpretation by the agency charged with the administration and enforcement of the statute." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2014 IL App (1st) 132011, ¶ 20. However, a statute is not ambiguous simply because the parties disagree as to its meaning. *Commonwealth Edison*, 2014 IL App (1st) 132011, ¶ 21. "A statute is ambiguous if its meaning cannot be interpreted from its plain language or if it is capable of being understood by reasonably well-informed persons in more than one manner." *Id.* Where a statute is capable of more than one reasonable interpretation, the statute is ambiguous and we may consider extrinsic aids to construction, such as the legislative history. *Martin*, 2011 IL App (1st) 102718, ¶ 10.

¶ 11    It is undisputed that the plaintiffs' property rests in the B-2 zoning district, which is defined by the ordinance in effect at the time of their application as follows:

"The B-2 District is established to provide areas for a wide variety of retail, services and commercial uses, and allows for the highest intensity of such uses. Unlike the B-1 Traditional Business District–where pedestrian travel to and from the commercial activity is encouraged–virtually all patrons will arrive by automobile." Lincolnwood Zoning Ordinance art. 4.01 (adopted Nov. 6, 2008).

¶ 12 One of the stated permitted uses of a B-2 zone property is for a "[h]ealth club or recreation facility, private." Lincolnwood Zoning Ordinance art. 4.05 (adopted Nov. 6, 2008). A "permitted use" is defined as a use "permitted as of right" provided that uses comply with all other applicable standards of the ordinance. Lincolnwood Zoning Ordinance art. 4.04 (adopted Nov. 6, 2008). The ordinance further defines "health club or private recreation" as:

"A building or portion of a building designed and equipped for the conduct of sports, exercise, leisure time activities, or other customary or usual recreational activities, operated for profit or not-for-profit and which can be open only to members and guests of the organization or open to the public for a fee." Lincolnwood Zoning Ordinance art. 2.02 (adopted Nov. 6, 2008).

¶ 13 "Recreation" is defined as "the act of recreating or the state of being recreated: refreshment of the strength and spirits after toil: DIVERSION, PLAY" or a "means of getting diversion or entertainment" or "one that provides recreation or amusement." Webster's Third New International Dictionary 1899 (1993). Article 2.02 of the Lincolnwood Zoning Ordinance further defines the phrase "health club or private recreation" to include a building designed for sports, exercise, leisure time activities, or other customary and usual recreational activities. Shooting ranges for pistol and rifle shooting and target practice have been held to constitute a recreational activity, even though not specifically enumerated in the statute at issue (*McNames v. Rockford Park District*, 185 Ill. App. 3d 291, 295 (1989)).

¶ 14 Here, we find that the plain language of the Lincolnwood Zoning Ordinance is unambiguous. We, therefore, need not consider the extrinsic evidence submitted at the Board's hearing on the plaintiffs' appeal, but rely solely on the plain language of the ordinance itself to conclude that the proposed shooting range is a permitted use as of right under the ordinance's provision related to "health club or private recreation." Like in *McNames*, in this case, we find that the proposed shooting range falls squarely within the broad language used in the ordinance, namely "recreation." Moreover, as the plaintiffs point out, common sense dictates that target shooting is also considered a sport as it is an Olympic sporting event and a recognized sporting activity within our national college associations and 4-H clubs. See *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 493 (1979) (stating that the words of a statute "must be read to reach a common-sense result").

¶ 15 We acknowledge that the zoning ordinance has since been amended to specially address shooting ranges, but our duty here is only to interpret the statute in effect at the time of the plaintiffs' application, and we cannot read exceptions into the statute that simply are not there. Our decision further does not address whether the application for this permitted use complies with all other applicable standards of the ordinance as that issue is not present before us today. See Lincolnwood Zoning Ordinance art. 4.04 (adopted Nov. 6, 2008) (stating a permitted use is a use permitted as of right provided that uses comply with all other applicable standards of the ordinance).

¶ 16    For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with this opinion.

¶ 17    Reversed and remanded.