# Illinois Official Reports

## Appellate Court

---

*In re Application of the Kane County Collector*, 2014 IL App (2d) 140265

---

Appellate Court
Caption

*In re* APPLICATION OF THE KANE COUNTY COLLECTOR, for Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of Taxes for the Year 2009 and Prior Years (SIPI, LLC, Petitioner-Appellant, v. The County of Kane and the Kane County Treasurer/Collector, Respondents-Appellees).

District & No.

Second District
Docket No. 2-14-0265

Filed

November 6, 2014

Rehearing denied

January 21, 2015

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

Respondent county and the county treasurer and collector did not err in issuing petitioner tax sale certificates that listed a total purchase amount without specifically itemizing that amount into taxes, special assessments, interest, and costs and the county clerk did not commit an error warranting a declaration of a sale in error pursuant to section 21-310(a)(5) of the Property Tax Code, since section 21-250 of the Code does not require an itemization of the total purchase amount into taxes, special assessments, interest, and costs.

Decision Under
Review

Appeal from the Circuit Court of Kane County, No. 13-TX-88; the Hon. David R. Akemann, Judge, presiding.

Judgment

Affirmed.

Counsel on
Appeal

Mindy S. Salyer, Amanda L. Moressi, and Brittney B. Rykovich, all of Salyer Law Offices, LLC, of Chicago, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Joseph F. Lulves and Erin M. Gaeke, Assistant State's Attorneys, of counsel), for appellees.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Schostok concurred in the judgment and opinion.

## OPINION

¶ 1       Petitioner, SIPI, LLC, appeals the trial court's order denying its motion requesting a declaration of a sale in error and a refund of petitioner's tax sale purchases. Specifically, petitioner asked the court to declare a sale in error pursuant to section 21-310(a)(5) of the Illinois Property Tax Code (Code) (35 ILCS 200/21-310(a)(5) (West 2010)), because respondents, the County of Kane and the Kane County treasurer and collector, issued petitioner tax sale certificates that listed a total purchase amount without specifically itemizing that amount into taxes, special assessments, interest, and costs (allegedly in violation of section 21-250 of the Code (35 ILCS 200/21-250 (West 2010))). Alternatively, petitioner asked the court to declare a sale in error pursuant to section 22-50 of the Code (35 ILCS 200/22-50 (West 2010)) on the basis that, despite *bona fide* efforts to comply, petitioner's notices to the property owner did not specifically itemize the sale amount into taxes versus special assessments (allegedly in violation of section 22-5 of the Code (35 ILCS 200/22-5 (West 2010))). After oral argument, the trial court denied petitioner's motion. Petitioner appeals. For the following reasons, we affirm.

¶ 2                                                I. BACKGROUND
¶ 3       On October 25, 2010, after a public tax sale, respondents issued to petitioner, pursuant to section 21-250 of the Code, tax sale certificates for 11 tracts of land. Among other information, each certificate lists at the top of the page, "Sold For: 2009 Taxes Payable 2010," and a total as the "Amount Sold" (*e.g.*, for parcel number 01-26-152-007, the "Amount Sold" is listed as "$1,408.61"). In the body of each certificate, the county clerk certified that petitioner purchased the described real estate "for the taxes, interest, penalty, and costs due and unpaid thereon for the year A.D. 2009 and prior and paid as purchase money on said property the total amount of taxes, interest, penalties and costs thereon as stated herein." Below the signature line, there exists a notation reflecting receipt of the listed purchase price (*e.g.*, for parcel number 01-26-152-007, the certificate states: "RECEIVED, 10/25/2010, of the above named purchaser the sum of ONE THOUSAND FOUR

HUNDRED EIGHT 61/100 DOLLARS the amount of the purchase money on the above parcel of land").

¶ 4    In January 2011, pursuant to section 22-5 of the Code, petitioner filed with the county clerk notices, which were to be given to the party in whose name the taxes were last assessed. The notices mirror the format required by section 22-5. As to the notices' contents, we again use parcel number 01-26-152-007 as an example. In the heading, the notice states "TAKE NOTICE" and lists the following:

> "County of <u>KANE</u>
> Date premises sold <u>10/25/2010</u>
> Certificate Number <u>2010-00212</u>
> Sold for General Taxes of <u>2009</u>
> Sold for Special Assessment of N/A
> And Special Assessment Number N/A
> Warrant Number N/A Installment Number N/A"

The notice then states "THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES" and describes the property. The body of the notice explains that the property was sold for delinquent taxes, provides the expiration date for the redemption period, states that a petition for a tax deed will be filed if redemption is not made prior to the expiration date, and, finally, states that "the total amount which you must pay in order to redeem the above property is $1,496.15 plus statutory penalties, fees and costs."[1] Petitioner later petitioned for a tax deed and issued other statutorily required notices.

¶ 5    Subsequently, however, in October 2013, petitioner requested a declaration of a sale in error, amending the motion in January 2014 to include two counts, both of which rest on the premise that respondents sold petitioner unpaid general taxes *and* special assessments.[2] In count I, petitioner alleged that the court should direct a sale in error pursuant to section 21-310(a)(5) of the Code, because the tax sale certificates failed to indicate "the amount of taxes, special assessment, and interest and costs," as mandated by section 21-250 of the Code. In count II, petitioner alleged that the court should declare a sale in error pursuant to section 22-50 of the Code, because, despite making a *bona fide* effort to strictly comply with section 22-5, petitioner had failed to accurately complete the notices in that petitioner did not list the sold special assessments and special assessment numbers. Petitioner's argument was essentially that, where the clerk's certificates did not itemize and distinguish purchased

_____

[1]We presume that the difference between the amounts on the tax sale certificate and the notice reflects interest, as the notice also states that the redemption amount will increase at six-month intervals from the date of sale.

[2]Typically, "general taxes" are taxes imposed on all property in the taxing district or are levied for the ordinary purpose of local government. See John P. Fitzgerald, 11 Illinois Real Property Service § 58:166 (2014). "Special taxes," such as special assessments, are imposed for the benefit of particular property: "Special assessments are based on the theory that all property whose value has been enhanced by a local improvement should pay proportionately for that improvement. Many kinds of local improvements, including bridges and sewage and drainage systems are paid for, wholly or in part, by special assessments." *Id.* Finally, general taxes are governed by the Code, while special assessments are governed by municipal law. *Id.*; see also *North Pole Corp. v. Village of East Dundee*, 263 Ill. App. 3d 327, 338 (1994).

general taxes from purchased special assessments, petitioner could not thereafter accurately complete its notices, which require strict compliance and itemization of general taxes versus special assessments.

¶ 6 In response, respondents argued that no special assessments were sold; rather, according to respondents, for formatting reasons, a portion of the sold taxes was simply categorized as "drainage" taxes on the tax bill and the treasurer's webpage. Further, those taxes were simply "special service area" taxes, not special assessments. In any event, respondents argued, the Code does not require the clerk to itemize on the certificates. Respondents noted that the total amount on the certificates exactly matched the total amount on the judgment sale record. In essence, respondents contended that the total amount of the sold taxes was correct on the certificates and that itemization was not required.

¶ 7 After a hearing, on February 19, 2014, the court issued a minute order denying petitioner's motion, stating:

> "The Petitioner has filed for an order directing sale in error pursuant to 35 ILCS 200/21-310(a)(5) or in the alternative pursuant to 35 ILCS 200/22-50. There appears to the court that no issue of fact [is] involved in either alternative theory and accordingly, the alternative petitions turn on issues of statutory construction. In both alternatives, the Court finds in favor of the Treasurer/Collector and against the Petitioner."

¶ 8 On February 25, 2014, in response to petitioner's motion for clarification, the court entered an amended minute order, identical in substance but adding that the order was final and appealable. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). On March 19, 2014, the court extended to December 17, 2014, the date by which petitioner must take out and record a tax deed. Petitioner appeals.

¶ 9                                         II. ANALYSIS
¶ 10                     A. Request for Sale in Error Pursuant to Section 21-310(a)(5)
¶ 11 We address first petitioner's argument that the trial court erred in denying its motion for a declaration of a sale in error pursuant to section 21-310(a)(5). The parties agree that, as this issue involves statutory interpretation, our review is *de novo*. *In re Application of the Douglas County Treasurer & ex officio County Collector*, 2014 IL App (4th) 130261, ¶ 24.

¶ 12 Section 21-310 of the Code provides that, when "it appears to the satisfaction of the court" that specific circumstances exist, the court shall declare a sale to have been made in error. 35 ILCS 200/21-310(a) (West 2010). For example, a sale in error shall be declared when it appears to the satisfaction of the court that the property was not subject to taxation (35 ILCS 200/21-310(a)(1) (West 2010)), the taxes or special assessments had been paid prior to the sale (35 ILCS 200/21-310(a)(2) (West 2010)), a bankruptcy petition had been filed prior to the sale (35 ILCS 200/21-310(a)(6) (West 2010)), or the property is owned by the United States, the State of Illinois, a municipality, or a taxing district (35 ILCS 200/21-310(a)(7) (West 2010)). Petitioner's motion relies on section 21-310(a)(5), which provides that a sale in error shall be declared when it appears to the satisfaction of the court:

> "the assessor, chief county assessment officer, board of review, board of appeals, *or other county official has made an error* (other than an error of judgment as to the value of any property)." (Emphasis added.) 35 ILCS 200/21-310(a)(5) (West 2010).

- 4 -

¶ 13        As noted, petitioner's contention is that the clerk made an error by issuing certificates of purchase that indicated a total "amount sold," but not "the amount of taxes, special assessment, and interest and costs," as mandated by section 21-250 of the Code. Section 21-250 provides, in pertinent part:

> "The county clerk shall make out and deliver to the purchaser *** a certificate of purchase *** describing the property sold, the date of sale, *the amount of taxes, special assessments, interest and cost for which they were sold* and that payment of the sale price has been made." (Emphasis added.) 35 ILCS 200/21-250 (West 2010).

Here, petitioner does *not* argue that any of the certificates reflect an inaccurate total "amount sold." Rather, it contends that part of the total "amount sold" included special assessments and that section 21-250 requires that those be listed separately from taxes. Therefore, petitioner argues, the trial court should have found under section 21-310(a)(5) that the clerk made an error that rendered the sale erroneous and that petitioner should receive, pursuant to section 21-310(d) (35 ILCS 200/21-310(d) (West 2010)), a refund from respondents of the amount it paid, with interest. We disagree that the plain language of the statute requires itemization and, therefore, conclude that the clerk made no error here.

¶ 14        The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Douglas County*, 2014 IL App (4th) 130261, ¶ 30. The best indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* "A statutory provision should be evaluated as a whole, with each provision construed in connection with other sections." *Id.* "One may presume that the legislature, when drafting the language of the section, was aware of the construction and use of the term in another section." *In re Application for Tax Deed*, 311 Ill. App. 3d 440, 444 (2000). Generally, taxing laws are strictly construed. See *Sycamore Community Unit School District No. 427 v. Illinois Property Tax Appeal Board*, 2014 IL App (2d) 130055, ¶ 28. Where the statutory language is clear, we enforce it as written without reading into it exceptions, conditions, or limitations not expressed by the legislature. *Martin v. Office of the State's Attorney*, 2011 IL App (1st) 102718, ¶ 10.

¶ 15        Here, the plain language of the statute states that the certificate must describe four things: (1) the property; (2) the date of sale; (3) "*the amount* of taxes, special assessments, interest and cost for which they were sold" (emphasis added); and (4) that the sale price has been paid. 35 ILCS 200/21-250 (West 2010). Contrary to petitioner's contention, the plain language of section 21-250 does *not* require that the certificate itemize each category. The statute provides that the certificate must describe "the *amount*," singular, for which the property was sold. (Emphasis added.) Unlike some provisions, as will be described below, it does not, for example, require that the certificate list "the amount of taxes, the amount of special assessments, the amount of interest, and the amount of costs" or the "amounts each of taxes, special assessments, interest, and costs." As such, the plain language of section 21-250 reflects that the certificate must state "the amount" for which the property was sold, a total that may be comprised of taxes, special assessments, interest, and costs.

¶ 16        Our interpretation is supported by comparing section 21-250 with other provisions in the Code. For example, section 21-355 of the Code concerns redemption procedures and requirements. See 35 ILCS 200/21-355 (West 2010). It provides that the redemption amount for a tax delinquency includes "the *certificate amount*, *which shall include* all tax principal, special assessments, interest and penalties paid by the tax purchaser together with costs and

fees of sale." (Emphasis added.) 35 ILCS 200/21-355(a) (West 2010). The plain language of section 21-355(a) reflects that the certificate amount equates to one total, comprised of several elements.

¶ 17 Further, our conclusion that section 21-250 does *not* require itemization is supported by comparing it with provisions that *do* require itemization. For example, section 21-160 provides that the collector shall maintain certain records and that the records should be ruled in columns to show the withdrawal of any special assessments and

"the amount paid before entry of judgment; the amount of judgment and a column for remarks; the amount paid before sale and after entry of judgment; the amount of the sale; amount of interest or penalty; amount of cost; amount forfeited to the State; date of sale; acres or part sold; name of purchaser; amount of sale and penalty; taxes of succeeding years; interest and when paid, interest and cost; total amount of redemption; date of redemption; when deed executed; by whom redeemed; and a column for remarks or receipt of redemptions money." 35 ILCS 200/21-160 (West 2010).

Thus, section 21-160 specifies *each amount* that must be listed separately from the others. It does not, like section 21-250, lump several items into a single amount.

¶ 18 Similarly, section 20-15 lists specific requirements for the preparation and printing of property tax bills, detailing when information must be separated and itemized:

"Information on bill or separate statement. There shall be printed on each bill, or on a separate slip which shall be mailed with the bill:

(a) a statement *itemizing* the rate at which taxes have been extended for each of the taxing districts in the county in whose district the property is located, and in those counties utilizing electronic data processing equipment the dollar amount of tax due from the person assessed allocable to each of those taxing districts, including a separate statement of the dollar amount of tax due which is allocable to a tax levied under the Illinois Local Library Act or to any other tax levied by a municipality or township for public library purposes,

(b) a *separate* statement for each of the taxing districts of the dollar amount of tax due which is allocable to a tax levied under the Illinois Pension Code or to any other tax levied by a municipality or township for public pension or retirement purposes,

(c) the total tax rate,

(d) the total amount of tax due, *and*

(e) the amount by which the total tax and the tax allocable to each taxing district differs from the taxpayer's last prior tax bill.

The county treasurer shall ensure that only those taxing districts in which a parcel of property is located shall be listed on the bill for that property.

In all counties the statement shall *also* provide:

(1) the property index number or other suitable description,

(2) the assessment of the property,

(3) the equalization factors imposed by the county and by the Department, *and*

(4) the equalized assessment resulting from the application of the equalization factors to the basic assessment." (Emphases added.) 35 ILCS 200/20-15 (West 2010).

Again, like section 21-160, section 20-15 clearly specifies which items and amounts must be listed separately from the others.

¶ 19    Together, provisions such as sections 21-160 and 20-15 reflect that, had the legislature intended for section 21-250 to require the county clerk to itemize or separate on the tax sale certificate the total amount for *each* category of taxes, special assessments, interest, and costs, it would have explicitly required that detail. Accordingly, even if petitioner purchased special assessments, we disagree that section 21-250 required that the certificate specify more than the total amount purchased. Petitioner alleges that, without itemization on the certificates, a tax purchaser has no idea what it purchased. Petitioner observes that the Code places no burden on a tax purchaser to conduct a "title search." However, there is also nothing precluding a purchaser who wants more detailed information from doing exactly what petitioner did here, namely, examining the tax bills or the collector's records. In sum, the trial court did not err in concluding that the clerk did not commit an error warranting a declaration of a sale in error pursuant to section 21-310(a)(5).

¶ 20                    B. Request for Sale in Error Pursuant to Section 22-50

¶ 21    Petitioner next argues that the trial court erred in failing to declare a sale in error pursuant to section 22-50 (35 ILCS 200/22-50 (West 2010)). It argues that its section 22-5 notices were deficient because they listed only a total tax amount without specifying any amount of special assessments. Petitioner notes that strict compliance with section 22-5 is required. Accordingly, petitioner argues that the court erred in denying its motion and that it should receive a refund of the purchase price (without interest). Again, this issue involves statutory interpretation and we review it *de novo*.[3]

¶ 22    Section 22-50 is entitled "Denial of Deed." It provides:

"*If the court refuses to enter an order* directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, and if the purchaser *** has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed, then upon application of the owner of the certificate of purchase the court shall declare the sale to be a sale in error." (Emphasis added.) 35 ILCS 200/22-50 (West 2010).

¶ 23    Here, the trial court did not err in denying petitioner's section 22-50 motion. The plain language of section 22-50 reflects that it applies when a court has refused to enter an order granting a tax deed, because of the purchaser's failure to comply with the statute. "Section 22-50 provides a specific statutory remedy for *a party who is unable to obtain a tax deed* after the party attempted to but did not comply with the statutory notice requirements." (Emphasis added.) *Kane County Collector*, 297 Ill. App. 3d at 748. Here, the trial court has not refused

---

[3]We note that petitioner is correct that, if we were reviewing a finding that petitioner did or did not make *bona fide* efforts to comply with the statute, we would review that finding to determine whether it was contrary to the manifest weight of the evidence. See, *e.g.*, *In re Application of the Kane County Collector*, 297 Ill. App. 3d 745, 748 (1998). Here, however, the trial court found no factual issues and denied the motion as a matter of statutory interpretation.

to enter an order granting a tax deed. In other words, petitioner has not yet been unable to obtain a tax deed. Petitioner asserts that, where the section 22-5 notices are defective, it cannot submit a signed affidavit attesting to strict compliance with the Code. Nevertheless, the fact remains that it has not yet been denied a deed. If the trial court ultimately *does*, on the basis that petitioner's section 22-5 notices are defective, deny an order for a deed, then petitioner at *that* time could argue that a sale in error should be declared and a refund of the purchase price issued under section 22-50, because it made *bona fide* efforts to comply with the Code's provisions. At this juncture, section 22-50 is inapplicable and the court did not err in denying petitioner's motion.

¶ 24                                    III. CONCLUSION

¶ 25        The judgment of the circuit court of Kane County is affirmed.

¶ 26        Affirmed.