**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220508-U

Order filed November 4, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| In re APPLICATION OF THE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF DU PAGE COUNTY ILLINOIS, FOR ORDER OF JUDGMENT AND SALE AGAINST REAL ESTATE RETURNED DELINQUENT FOR THE NON-PAYMENT OF GENERAL TAXES AND SPECIAL ASSESSMENTS FOR THE YEAR 2017 AND PRIOR YEARS | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| (Newline Holdings, LLC Series 1, | ) ) | Appeal No. 3-22-0508 Circuit No. 21-TX-12 |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| Du Page County Collector, | ) ) | |
| Respondent-Appellee). | ) ) ) | The Honorable Craig R. Belford, Judge, presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not err when it denied the petitioner's motion for sale in error.

¶ 2    The petitioner, Newline Holdings, LLC Series 1 (Newline 1), purchased delinquent property taxes and later filed a petition for tax deed. Subsequently, Newline 1 filed a motion with the circuit court seeking a ruling that the sale had been conducted in error. The respondent, the Du Page County Collector, contested the motion. The circuit court denied the motion after a hearing, ruling in part that the statutory sale-in-error process was not available to Newline 1 because it had not been denied a tax deed first as required by the statute. On appeal, Newline 1 argues that the court erred when it denied its motion for sale in error. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    On November 15, 2018, the respondent conducted a tax sale at which Newline 1 purchased the delinquent 2017 property taxes for a certain parcel of property in Du Page County. A tax sale certificate then was issued to Newline 1.

¶ 5    Newline 1 filed a take notice with the county clerk on March 26, 2019. The take notice listed the last assessee as "CF USBNPL II LLC."

¶ 6    On April 12, 2021, Newline 1 filed a petition for tax deed in the circuit court. Among other things, the petition claimed that the redemption period for the property would expire on October 5, 2021.

¶ 7    Starting on October 14, 2021, the case was continued several times over the next 11 months. On September 9, 2022, Newline 1 filed a motion for sale in error, which it amended on September 20. The motion alleged that the take notice it filed with the county clerk in March 2019 incorrectly identified the assessee as "CF USBNPL II LLC" when it was actually "CF USBNPL II LLC c/o Amersco Commercial." The motion asked the circuit court to find that Newline 1 had

made a good faith attempt at complying with the statutory scheme. In addition, the motion stated that the result of the error was that Newline 1 had not strictly complied with the statutory scheme and, accordingly, no tax deed could issue. Thus, Newline 1 sought an order granting it a sale in error—*i.e.*, a refund for the amount it had paid to purchase the delinquent taxes.

¶ 8        The case was called on September 23, 2022. The circuit court granted the respondent 21 days to respond to the motion and Newline 1 14 days thereafter to reply. No report of proceedings from the hearing has been filed with the record on appeal, and the court's order and docket entries do not reflect whether the briefing schedule was granted over an objection by Newline 1.

¶ 9        The respondent's response to the motion alleged, among other things, that Newline 2 had not alleged any facts to support its request for a finding that it made a good faith attempt at complying with the statutory scheme. The respondent also claimed that the motion was untimely in part because Newline 1 did not obtain a tax deed prior to the certificate of purchase's expiration on October 5, 2022.

¶ 10        The circuit court held a hearing on Newline 1's motion for sale in error on November 18, 2022. The court quoted from case law stating that a prerequisite to the availability of a sale in error was the court denying the issuance of a tax deed. When asked why that case law should not control, counsel for Newline 1 claimed that it was not typical practice to pursue a tax deed when it was clear that the purchaser would not be entitled to one. Counsel then stated:

> "Now, if it's the Court's position that you would need to first have denied the same and we could make petition for that and that's what must be obtained before we can then seek *bona fide* attempt sale in error basis, then we would proceed in that fashion; it's simply never been the practice."

In response, the court once again emphasized the clear case law and stated that there was no motion before it that sought the issuance of a tax deed. Thus, the court denied Newline 1's motion.

¶ 11    The court, "for both expediency and judicial economy," additionally addressed the motion on its merits, finding that Newline 1 had not made a *bona fide* attempt at complying with the statute because (1) the scrivener's error was entirely within Newline 1's control, and (2) public policy would not allow the cancellation of tax sales based on minor scrivener's errors that were within the purchaser's control. Regarding the latter point, the court stated, in part:

> "The Court's concern is that if scrivener errors omitted by the tax deed purchaser can subsequently form the basis for a sale in error that will create a tremendous incentive to, essentially, plant Easter eggs in tax deed applications. Small scrivener errors that, in virtually no case would ever preclude the issuance of the tax fee [*sic*], but would nevertheless provide an after-the-fact back-door mechanism for a tax purchaser who now has regret to undo the sale."

¶ 12    Counsel for Newline 1 then requested the circuit court find that the motion for sale in error tolled the time period within which a purchaser must obtain and record a tax deed. Counsel stated that it was prevented from obtaining a tax deed by the court's September 23 ruling that set a briefing schedule on the motion for sale in error. The court responded:

> "You weren't prevented from doing so, you elected to proceed on a motion. Nothing prevented you from moving forward on your tax deed. You elected to file a motion and you elected to file it at such a time that a briefing schedule could run past the deadline. Nothing – there's no order for [*sic*] this Court preventing you from proceeding on your tax deed. If you wanted to proceed on your tax deed you could have withdrawn your motion, you could have asked for expedited briefing."

4

The court then quoted from section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2022)) and stated that the plain language of the statute predicated a tolling of the time period on (1) an order of the court that affirmatively stopped the forward progress of obtaining a tax deed or (2) a refusal of the court to act. Because neither had occurred in the case, the court rejected Newline 1's argument.

¶ 13        Newline 1 appealed.

¶ 14                                    II. ANALYSIS

¶ 15        On appeal, Newline 1 argues that the circuit court erred when it denied Newline 1's September 2022 motion for sale in error. Newline 1 advances two specific arguments in support of its appeal. First, Newline 1 argues that the court erred when it found that Newline 1 had not made a *bona fide* attempt to comply with the statutory scheme. Newline 1 adds that the court should have held an evidentiary hearing on the matter before reaching its ruling.

¶ 16        Newline 1's first argument is based on a secondary issue. Before an individual can obtain an order from the circuit court declaring a sale in error, the court must have "refuse[d] to enter an order directing the county clerk to execute and deliver the tax deed" due to the purchaser's failure to comply with statutory requirements contained in the Property Tax Code. 35 ILCS 200/22-50 (West 2022); see also *In re Kane County Collector*, 2014 IL App (2d) 140265, ¶ 23 (holding that "[t]he plain language of section 22-50 reflects that it applies when a court has refused to enter an order granting a tax deed, because of the purchaser's failure to comply with the statute"). It is undisputed in this case that Newline 1 did not attempt to pursue the issuance of a tax deed before bringing its motion for a sale in error. Newline 1's failure to do so is fatal to its appeal.

¶ 17        We note that while Newline 1 does not contest the section 22-50 requirement in its brief on appeal, it offers the following explanation:

"Newline's counsel offered to proceed with a denial of its tax deed *** on November 18, 2022, but noted that a Sale in Error requests relief predicated on the fact that the tax deed must be denied as part of seeking that relief. The argument offered by Newline was disregarded and no additional time was afforded to comply with the Court's request or to amend the petition for Sale in Error. This resulted in prejudice to Newline with no ability to substantively review or respond to the argument first presented at hearing on November 18."

Newline 1's explanation is disingenuous. Even if counsel's comments at the hearing could reasonably be construed as an "offer[] to proceed with a denial of its tax deed," this was Newline 1's case. Section 22-50 is clear and Newline 1 was aware of the statute's prerequisite. Nevertheless, Newline 1 knowingly chose to pursue relief for which it was not entitled. Newline 1 in fact did not request a continuance or otherwise seek to amend its strategy at the November 18 hearing. The responsibility for the consequences of Newline 1's strategic decisions does not fall upon the circuit court. As the circuit court stated, the only motion before it was the motion for sale in error. Because that relief was not available to Newline 1, we hold that the court did not err when it denied Newline 1's motion for sale in error. *Kane County Collector*, 2014 IL App (2d) 140265, ¶ 23.

¶ 18 Newline 1's second argument on appeal is that the circuit court erred when it allegedly denied Newline 1's request to toll the time period within which a purchaser must obtain and record a tax deed. Newline 1 claims that this issue stems from the court's November 18, 2022, rejection of Newline 1's request for a finding that the motion for sale in error tolled the time period.

¶ 19 Newline 1's argument necessarily involves the hearing held on September 23, 2022, at which the circuit court entered a briefing schedule on Newline 1's motion for sale in error. Newline 1 has not provided a report of proceedings from that hearing, so we are unaware of what transpired

during that hearing, including whether Newline 1 acquiesced to the briefing schedule and thereby waived any right to challenge its imposition.

¶ 20         Illinois law is clear that

"an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

Newline 1 has not presented a sufficiently complete record on appeal for this court to address its argument. Accordingly, we presume that the circuit court's order was correct and we therefore reject Newline 1's argument.

¶ 21                                  III. CONCLUSION

¶ 22         The judgment of the circuit court of Du Page County is affirmed.

¶ 23         Affirmed.